Milano v 340 E. 74th St. Owners Corp. (2018 NY Slip Op 00922)





Milano v 340 E. 74th St. Owners Corp.


2018 NY Slip Op 00922


Decided on February 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2018

Friedman, J.P., Sweeny, Kahn, Gesmer, Singh, JJ.


5673 150806/12

[*1]Debra Milano, as Administratrix of the Estate of Keith Mastronardi, Deceased, et al., Plaintiffs-Appellants,
v
340 East 74th Street Owners Corp., et al., Defendants-Respondents.


Shayne, Dachs, Sauer & Dachs, LLP, Mineola (Jonathan A. Dachs of counsel), for appellants.
Flynn, Gibbons & Dowd, New York (Lawrence A. Doris of counsel), for respondents.



Order, Supreme Court, New York County (George J. Silver, J.), entered July 13, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Decedent fell to his death through the window of his fifth floor apartment, while intoxicated. It was undisputed that decedent's three children, all under 10 years of age, lived in the apartment, which was not equipped with window guards in violation of New York City Health Code § 131.15(a)(1). Plaintiffs also contend that defendants violated 24 RCNY 12-10(g), mandating window stops on windows with window guards.
Supreme Court properly concluded that defendants had no statutory or common-law duty to decedent to install window guards or stops in the apartment since the window guard regulation does not impose a duty on owners to adults injured by the failure to install the guards (see Rodriguez v City of New York, 272 AD2d 68 [1st Dept 2000], lv dismissed in part and denied in part 95 NY2d 919 [2000]; Ramos v 600 W. 183rd St., 155 AD2d 333 [1st Dept 1989]). Moreover, since there was no duty to install window guards to protect adults, there was similarly no duty owed to decedent to install window stops.
Defendants also had no duty under Multiple Dwelling Law § 78 or the common law to install window guards or stops to protect decedent, since no evidence was presented that the window or ledge was in need of repair (see Rivera v Nelson Realty, LLC, 7 NY3d 530, 535 [2006]). Even if the window or ledge were viewed as a dangerous condition, the duty to eliminate the danger by installing guards or stops was imposed on the tenant, not the landlord, under the common law (see Ramos at 334-335). The court properly concluded that decedent's completion of the Notice to Tenants form mandated by the City concerning the window guard requirement did not constitute a written request for a window guard.
It is further noted that defendants established that it was decedent's own action of leaning out the subject window to smoke while highly intoxicated that was the proximate cause of the accident (see e.g. Rivera v St. Nicholas 184 Holding, LLC, 135 AD3d 496 [1st Dept 2016]), and plaintiffs failed to raise a triable issue of fact in this regard.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 8, 2018
CLERK